396 So.2d 371 (1981)
Althamus PELLERIN and Gladys Pellerin
v.
CASHWAY PHARMACY OF FRANKLIN, INC., et al.
No. 14055.
Court of Appeal of Louisiana, First Circuit.
March 2, 1981.
*372 Steven P. Shea, New Iberia, counsel for plaintiffs.
St. Paul Bourgeois, IV, Allen, Gooch & Bourgeois, Lafayette, counsel for defendants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiffs appealed from a judgment sustaining an exception of no cause of action in favor of defendants, Glenn Tanner and Tidelands Adjustment Service, Inc.
The issues are sufficiency of the allegations in plaintiffs' petition and the court's dismissal of plaintiffs' demand.
We reverse and remand.
Plaintiff, Gladys Pellerin, sustained injuries when she fell on defendant Cashway Pharmacy's premises on May 23, 1978. Glenn Tanner, an agent for Tidelands Adjustment Service, Inc. (Tidelands) discussed a compromise settlement with her. She alleges he promised the damages arising out of the accident would be compensated when she was discharged from the doctor's care. In August, 1979, after her release by her doctor, Mr. Tanner informed her that the claim had prescribed and she would receive no settlement. Plaintiff sued Cashway, Tanner and Tidelands, in solido, for her damages. The court maintained an exception of no cause of action filed by Tanner and Tidelands.
The peremptory exception of no cause of action tests the legal sufficiency of the petition and is triable on the face of the papers. LSA-C.C.P. 931;[1]Haskins v. Clary, 346 So.2d 193 (La.1977).
Plaintiffs' petition alleges in part:

"V.
Subsequent to the accident hereinabove referred to, petitioner was contacted by Mr. Glenn Tanner and Tidelands Adjustment Service, Inc. in connection with settlement negotiations in order to have said claim settled against Cashway Pharmacy of Franklin, Inc.

*373 VI.
On or about the 12th day of April, 1979, Mr. Glenn Tanner, employee of Tidelands Adjustment Service, Inc. interviewed the petitioner, Gladys Pellerin and informed her that as soon as she would be discharged from her doctor's care, all of her damages arising out of this accident would be paid in full, and said Glenn Tanner informed petitioner, Gladys Pellerin, not to contact said adjustment service until she was discharged from her doctor's care.

VII.
On or about the 23rd day of August, 1979, petitioner, Gladys Pellerin was discharged from her doctor's care and said petitioner thereafter contacted Mr. Glenn Tanner and Tidelands Adjustment Service, Inc. in order to complete the settlement of her claim against Cashway Pharmacy of Franklin, Inc., all as per instructions given by Mr. Glenn Tanner on the 12th day of April, 1979.

VIII.
Upon petitioner's contact with Tidelands Adjustment Service, Inc. and Glenn Tanner subsequent to her discharge from her doctor's care, defendants, Tidelands Adjustment Service, Inc. and Glenn Tanner informed petitioner, Gladys Pellerin, her claim had prescribed and that she would receive no settlement in this matter.

IX.
Due to the actions taken by Tidelands Adjustment Service, Inc. and Glenn Tanner, petitioners aver that prescription was interrupted under Civil Code Article 3520.

X.
Due to the actions taken by defendants, Tidelands Adjustment Service, Inc. and Glenn Tanner, petitioners aver that said defendants are liable, in solido, with Cashway Pharmacy of Franklin, Inc. for all damages incurred by petitioners arising out of the claim in question."
As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty to inform of prescription can be based. Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir. 1962); Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1st Cir. 1966). However, there may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud. Penn Mut. Life Ins. Co. v. Nunnery, 176 Miss. 197, 167 So. 416 (1936). Plaintiffs should have been given the opportunity to amend their petition to allege such a breach of duty by defendants Glenn Tanner and Tidelands Adjustment Service, Inc. LSA-C. C.P. 934.[2]
For the above reasons, the judgment of the trial court is reversed and the case remanded with instructions to allow plaintiffs an opportunity to amend their petition. The cost of the appeal is cast against appellees. All other costs shall await the final outcome.
REVERSED AND REMANDED.
NOTES
[1] LSA-C.C.P. 931:

"On the trial of the peremptory exception pleaded at or prior to the trial of the case, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition.
When the peremptory exception is pleaded in the trial court after the trial of the case, but prior to a submission for a decision, the plaintiff may introduce evidence in opposition thereto, but the defendant may introduce no evidence except to rebut that offered by plaintiff.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action."
[2] LSA-C.C.P. 934:

"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed."