490 So.2d 1191 (1986)
Gus COMEAUX, Plaintiff-Appellant,
v.
PENNSYLVANIA GENERAL INSURANCE COMPANY, Defendant-Appellee.
No. 85-827.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*1192 Woodley, Barnett, Robert W. Fenet, Lake Charles, for plaintiff-appellant.
Brame, Bergstedt, etc., Joe A. Brame, for appellant.
Comp, Carmouche, Donald Brown, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, KNOLL and BROYLES[*], JJ.
KNOLL, Judge.
Gus Comeaux appeals a partial summary judgment granted in favor of his insurer, Pennsylvania General Insurance Company (PGIC), recognizing his claim for the policy limits of his uninsured motorists coverage for the death of his son and recognizing his claim for penalties and attorney's fees, but dismissing his claims under the Louisiana and/or Texas consumer protection laws. Comeaux contends that the trial court erred: (1) in finding that he had no cause of action under the Louisiana and/or Texas Unfair and Deceptive Trade Practices Act for PGIC's fraudulent acts; (2) in finding that his petition did not state a cause of action for fraud; and (3) in dismissing his claim for punitive and/or treble damages for violation of the consumer protection laws and/or in tort for fraud or negligent misrepresentation. We amend and affirm.

FACTS
On May 10, 1983, Comeaux's son, Benny, was fatally injured in an automobile accident in Texas. Benny, twenty years of age, was a passenger in a car driven by Diana Stetson and owned by her mother, Paula Stetson. The accident was caused by the negligence of Diana Stetson. The insurer for the Stetson vehicle, Farmer's Insurance Company, paid Comeaux the Stetsons' liability policy limits of $25,000. Comeaux initially filed a claim with his insurer, PGIC, seeking $10,000 under his uninsured motorists coverage, but PGIC refused to pay the insurance proceeds.
Comeaux brought this suit against PGIC for $10,000 under the uninsured motorists coverage, $10,000 penalties and $10,000 attorney's fees for PGIC's arbitrary, capricious and unreasonable failure to pay the proceeds, and $30,000 treble damages for PGIC's unfair and deceptive trade practices. The total amount sued for was $60,000. Following PGIC's answer, Comeaux filed a supplemental and amending petition contending that: (1) his uninsured motorists coverage was $50,000 because he never signed, or authorized anyone else to sign for him, the document allegedly reducing his uninsured motorists coverage from $50,000/$100,000 (per person/per occurrence) to $10,000/$20,000; (2) his signature was, in fact, forged on the document in question; (3) he is entitled to treble damages under Louisiana and/or Texas law for PGIC's arbitrary, capricious and unreasonable failure to pay sums due; (4) he is entitled to punitive and/or treble damages under the provisions of the Texas Insurance Code and/or Texas tort law; and (5) PGIC is liable under the theories of tort, fraud, misrepresentation, malicious concealing of information and deliberate deception.
PGIC's motion for partial summary judgment states that Comeaux's only claim against PGIC would be for the policy limits under the uninsured motorists coverage, allegedly $50,000, together with a claim for penalties and attorney's fees, and that Comeaux's other claims should be dismissed because they have no basis under Louisiana law.
The trial court granted the motion for partial summary judgment, finding: (1) the consumer protection laws of Texas or Louisiana are not applicable to this case; and (2) plaintiff still has the opportunity to plead fraud should he so desire.

SUMMARY JUDGMENT
It is well settled that a motion for summary judgment should be granted if, and *1193 only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Art. 966; Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Morgan v. Matlack, Inc., 342 So.2d 167 (La.1977). The burden of showing that there is not a genuine issue of material fact in dispute is upon the mover for summary judgment. Any doubt is resolved against the granting of summary judgment and in favor of trial on the merits to resolve disputed facts. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, supra; Morgan v. Matlack, Inc., supra.
Comeaux contends that he has a cause of action under the Louisiana and/or Texas Unfair and Deceptive Trade Practices Act for PGIC's fraudulent actions. We disagree. With regard to Comeaux's claims under Texas law, the trial court ruled that Louisiana law is applicable where the insurance policy is issued by a Louisiana insurer to a Louisiana resident, even though the accident occurred in Texas. The trial court cited Richard v. Beacon Nat. Ins. Co., 442 So.2d 875 (La.App. 3rd Cir.1983) and Jagers v. Royal Indemnity Company, 276 So.2d 309 (La.1973) to uphold its jurisdiction. We agree with the trial court and thus affirm its dismissal of Comeaux's claims under Texas law.
Comeaux next contends that he is entitled to proceed under the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq. We disagree. LSA-R.S. 51:1406 provides in pertinent part:
"The provisions of this chapter shall not apply to:"

(1) Actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the state bank commissioner and the insurance commissioner, and any bank chartered by or under the authority of the United States acting under statutory authority of this state or the United States to regulate unfair or deceptive trade practices; ..." (Emphasis added.)

LSA-R.S. 22:2 provides that, "[i]t shall be the duty of the commissioner of insurance to administer the provisions of this code." The insurance code contains specific provisions for unfair trade practices in LSA-R.S. 22:1211 et seq. R.S. 22:1213 provides:
"No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance."
Therefore, since this action clearly falls within the jurisdiction of the insurance commissioner, it is exempt from the Unfair Trade Practices and Consumer Protection Law, LSA-R.S. 51:1401 et seq. Thus Comeaux's claim for treble damages under R.S. 51:1409 was likewise properly dismissed. Accordingly, we find no manifest error in the trial court's granting the partial summary judgment as to Comeaux's claims under the Texas and Louisiana Unfair Trade Practices Acts, since there was no genuine issue of material fact and PGIC was clearly entitled to judgment as a matter of law.

FRAUD
In the present case, the trial court ruled that Comeaux "still has the opportunity to plead fraud, should he so desire, and prove it if he can, thereby subjecting defendant to the possible imposition of attorney's fees or other damages." Comeaux complains that he already pleaded fraud in his first supplemental and amending petition. We agree. Comeaux's petition contains the following factual allegations of fraud: (1) that he never signed a statement of lower uninsured motorists coverage and that his signature was forged; (2) that PGIC tortiously and fraudulently deceived and defrauded him by its deceptive and unfair trade practices; and (3) that PGIC is *1194 liable under a theory of fraud and/or misrepresentation.
We note that while Comeaux's petition specifically alleges fraud, it is questionable whether it alleges fraud or unfair trade practices under the provisions of the insurance code.
LSA-C.C.P. Art. 862 provides:
"Except as provided in Article 1703, a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief."
Under our system of fact pleading, it is not necessary for a party to characterize his cause of action or state the theory of his case. He is entitled to relief under any theory of law which may be justified under the relevant facts properly proven at trial. See Dean v. Hercules, Inc., 314 So.2d 430 (La.App. 1st Cir.1975), reversed on other grounds, 328 So.2d 69 (La.1976) and Cox v. W.M. Heroman & Co., Inc., 298 So.2d 848 (La.1974). Therefore, we find it was not necessary for Comeaux to plead relief under the insurance code for his fraud allegations since he specifically pleaded fraud and the factual basis therefor. Accordingly, we will amend the partial summary judgment to allow Comeaux to proceed with a trial on the merits of his fraud and/or misrepresentation claim.

DECREE
For the foregoing reasons, we amend the partial summary judgment to allow Comeaux a trial on the merits for his fraud claim. In all other respects, the judgment of the trial court is affirmed. Costs of this appeal are assessed one-half to Gus Comeaux and one-half to Pennsylvania General Insurance Company.
AFFIRMED AS AMENDED.
NOTES
[*] Judge Ted R. Broyles of the Thirtieth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.