**Ronald LAMARQUE and Lamarque Ford, Inc., Plaintiffs-Appellees,**

**v.**

**MASSACHUSETTS INDEMNITY & LIFE INSURANCE COMPANY, and Equifax Services, Inc., Defendants-Appellants.**

No. 85–3547.

United States Court of Appeals, Fifth Circuit.

July 14, 1986.

Francis G. Weller, New Orleans, for Massachusetts Indem. & Life Ins. Co.

Ellis B. Murov, Donald R. Mintz, New Orleans, La., for plaintiffs-appellees.

Before GEE, and HIGGINBOTHAM, Circuit Judges, and HARVEY *, District Judge.

GEE, Circuit Judge:

The facts of this case are set out in the companion appeal, *Lamarque v. Massachusetts Indemnity Life Insurance Company*, 794 F.2d 194. In that appeal we affirmed the district court's grant of a partial summary judgment in favor of the defendant. This appeal stems from the district court's denial of the defendant's motion for summary judgment as to the plaintiffs' claim under the Louisiana Unfair Trade Practices and Consumer Protection Law (LUTP), La.Rev.Stat. 51:1401 et seq. (West Annot. Supplement 1986). The district court granted leave pursuant to 28 U.S.C. § 1292 for the defendant to apply to us for an interlocutory appeal of the decision. We granted the application.

Section 1406 of the LUTP provides:

The provisions of this chapter shall not apply to:

---

* District Judge for the Eastern District of Michigan, sitting by designation.

(1) Actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility regulatory body, the state bank commissioner, and the insurance commissioner. . . .

MILICO argues that the LUTP is not applicable because the Louisiana Insurance Code empowers the insurance commissioner to take action against any insurer which engages in unfair trade practices by violating "any prohibitory law of this state," La.Rev.Stat. 22:1214(12), and that Section 1405(A) of the LUTP[1] is just such a prohibitory law.

We disagree. If the provisions of LUTP aren't applicable to claims within the jurisdiction of the insurance commissioner, the LUTP can hardly be used to create jurisdiction on the insurance commissioner's part.

The district court did not err in denying the motion for summary judgment on this ground. However, because the district court has not considered the other grounds for the defendant's motion, we decline to do so and accordingly **REMAND** this matter to the district court.

1. La.Rev.Stat. 51:1405(A) provides: Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.