Robert WEST

v.

FIREMAN'S FUND INSURANCE
COMPANY, et al.

Civ. A. No. 87–734–B.

United States District Court,
M.D. Louisiana.

March 27, 1988.

Charles H. Braud, Jr., Covert & Braud,
Baton Rouge, La., for plaintiff.

Lawrence J. Duplass, Duplass, Witman
& Zwain, Metairie, La., for defendants.

POLOZOLA, District Judge.

Robert West originally filed this suit in the Twentieth Judicial District Court for the Parish of East Feliciana, State of Louisiana seeking recovery for damages allegedly resulting from an automobile accident. Fireman's Fund Insurance Company ("Fireman's Fund") timely removed this action to this court asserting diversity jurisdiction. 28 U.S.C. § 1332.

The complaint filed herein contends that Harris Trucking Company and its driver, Leonard Ruffin, were negligent in causing an accident which occurred on May 21, 1987 on Highway 67 near Clinton, Louisiana. Fireman's Fund insures Harris Trucking Company and Leonard Ruffin. Apparently, Fireman's Fund refused to settle this claim and the plaintiff instituted this suit.

Fireman's Fund has now filed a motion for judgment on the pleadings and/or a motion for summary judgment seeking to dismiss plaintiff's claim for treble damages which was asserted under the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUTP") La.Rev.Stat. 51:1401 and 1409. Plaintiff contends that treble damages are recoverable under Section 1409. The court finds however that plaintiff has no claim for treble damages under the LUTP under the facts of this case. This is a case brought under the diversity jurisdiction of the court. Therefore, the court must apply Louisiana law. In *Comeaux v. Pa. General Ins. Co.*, 490 So.2d 1191, 1193 (La.App. 3 Cir.1986) the court found that because an action against an automobile insurer based on an allegation that the insurer committed unfair and deceptive trade practices by failing to pay a claim fell within the jurisdiction of the Louisiana Insurance Commissioner, the claim was exempt under the LUTP, thus precluding recovery of treble damages. The court

believes that the decision rendered by the Louisiana state court is not only binding on this court, but is also correct. The court is aware that less than one month after the *Comeaux* case was decided by the Louisiana Third Circuit Court of Appeal, the Fifth Circuit Court of Appeals in *Lamarque v. Massachusetts Indemnity & Life Insurance Company*, 794 F.2d 197 (5th Cir.1986) held to the contrary. The court believes that the decision rendered by the Louisiana court correctly sets forth the Louisiana law. Thus, the court stated as follows:

> Comeaux next contends that he is entitled to proceed under the Louisiana Unfair Trade Practices and Consumer Protection Law, LSA–R.S. 51:1401 et seq. We disagree. LSA–R.S. 51:1406 provides in pertinent part:
>
> *"The provisions of this chapter shall not apply to:*
>
> *(1) Actions or transactions subject to the jurisdiction of* the Louisiana Public Service Commission or other public utility regulatory body, the state bank commissioner and *the insurance commissioner,* and any bank chartered by or under the authority of the United States acting under statutory authority of this state or the United States to regulate unfair or deceptive trade practices; ..."* (Emphasis added.)

LSA–R.S. 22:2 provides that, "[i]t shall be the duty of the commissioner of insurance to administer the provisions of this code." The insurance code contains specific provisions for unfair trade practices in LSA–R.S. 22:1211 et seq. R.S. 22:1213 provides:

> "No person shall engage in this state in any trade practice which is defined in this Part to be an unfair method of competition or an unfair or deceptive act or practice in the conduct of the business of insurance."

Therefore, since this action clearly falls within the jurisdiction of the insurance commissioner, it is exempt from the Unfair Trade Practices and Consumer Protection Law, LSA–R.S. 51:1401 et seq. Thus Comeaux's claim for treble damages under R.S. 51:1409 was likewise

properly dismissed. Accordingly, we find no manifest error in the trial court's granting the partial summary judgment as to Comeaux's claims under the Texas and Louisiana Unfair Trade Practices Acts, since there was no genuine issue of material fact and PGIC was clearly entitled to judgment as a matter of law. *Comeaux, supra* at 1193.

In its decision, the Fifth Circuit Court of Appeals failed to consider LSA–R.S. 22:1211 et seq. and more specifically § 1213 which was quoted in the *Comeaux* case.

■ While the court finds that plaintiff is not entitled to treble damages under the LUTP, plaintiff clearly has the right to seek sanctions under Rule 11 of the Fed.R. Civl.P. and under 28 U.S.C. § 1927. *See Thomas v. Capital Security Services, Inc.,* 836 F.2d 866 (5th Cir.1988).

Therefore:

IT IS ORDERED that defendant's motion for judgment on the pleadings and/or motion for summary judgment be and it is hereby GRANTED insofar as plaintiff's claim for treble damages under the Louisiana Unfair Trade Practices and Consumer Protection Law.