538 So.2d 696 (1989)
Frederick J. ALARCON, Jr. and Ann Q. Alarcon
v.
The AETNA CASUALTY AND SURETY COMPANY and Kim A. Goodwill.
No. 88-CA-487.
Court of Appeal of Louisiana, Fifth Circuit.
January 18, 1989.
Rehearing Denied March 17, 1989.
Nick F. Noriea, Jr., Stevan C. Dittman, Kierr, Gainsburgh, Benjamin Fallon, David & Ates, New Orleans, for plaintiffs/appellants.
Windhorst, Gaudry, Talley & Ranson, Thomas L. Gaudry, Jr., Michael G. Fanning, Gretna, for defendants/appellees.
*697 Before KLIEBERT, GAUDIN and GOTHARD, JJ.
GOTHARD, Judge.
This appeal is from a summary judgment in a suit by homeowners against their insurer and its adjuster, seeking moneys due and damages in tort in a house fire claim.
The fire took place at the Metairie residence of Mr. and Mrs. Frederick J. Alarcon, Jr. on February 19, 1986. Aetna Casualty and Surety Company, the insurer, sent its adjuster, Kim A. Goodwill, immediately to evaluate the damage, and he in turn brought in a contractor to estimate the cost of rebuilding. Both men arrived at amounts the insureds believed to be a gross undervaluation. As the parties were unable to agree upon a valuation of the loss and only minimal advances had been paid on claims for damage to the building and living expenses, the Alarcons filed suit against Aetna and Goodwill on June 20, 1986. That petition was amended twice. The plaintiffs' allegations are as follows: that the defendants breached the insurance contract by failing to pay losses timely and adequately; that the plaintiffs were entitled to all damages flowing from the breach; that the defendants' failure to act in good faith and evaluate the claim properly had caused Mr. Alarcon to suffer serious medical problems and mental anguish, entitling the plaintiffs to damages in tort; and that the defendants were in violation of the Louisiana Unfair Trade Practices and Consumer Protection Law because of their unfair and deceptive practices.
The defendants answered each petition and filed exceptions of no cause of action as to the following claims: against Kim Goodwill individually under the homeowners' policy; against Kim Goodwill and Aetna for negligence or for damages except as to Aetna's potential liability for statutory penalties and attorney's fees for failing to pay the claim promptly; and against Kim Goodwill and Aetna under the Unfair Trade Practices and Consumer Protection Law.
On March 3, 1988, Aetna and Goodwill moved for partial summary judgment on grounds that "the pleadings, affidavit, deposition of Kim A. Goodwill and memorandum in support of this motion show as a matter of law" that the plaintiffs could maintain no action on the above listed claims. The defendants asked that the exceptions be heard at the same time.
The matters were heard on April 6, taken under advisement, and summary judgment rendered on April 15. The judgment granted all the defendants' demands, dismissing all claims against Goodwill individually, the claim for general damages for Aetna's failure to "timely, reasonably, or `meaningfully' pay the petitioners' claim," and the action under the Unfair Trade Practices and Consumer Protection Law.
At the outset we note that the judgment appealed from is in error, as it grants summary judgment rather than partial summary judgment, which the defendants prayed for in their motion of March 3, 1988. Accordingly, we set aside the summary judgment and consider the court's ruling on the exceptions.
On appeal the plaintiffs ask for review of two issues: whether the plaintiffs were entitled to maintain an action in tort against Goodwill and/or Aetna for their negligence; and whether the court erred in finding that the Unfair Trade Practices and Consumer Protection Law does not apply to an insurer and its agent who have acted in bad faith.
Action In Tort
The plaintiffs' position is that Louisiana law recognizes tort claims in connection with contractual claims. Nonpecuniary loss may not be recovered in a simple breach of contract case unless the contract is intended to gratify a nonpecuniary interest. LSA-C.C. art. 1998 (formerly article 1934(3)); Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976). However, the Supreme Court has indicated that tort liability may exist in a contract case under certain conditions.
In Lafleur v. John Deere, 491 So.2d 624 (La.1986), a farmer sought damages for his mental anguish as well as for his crop loss from the manufacturer of a defective grain *698 drill. The court rejected the tort claim for lack of evidence, finding that Lafleur's worrying was not within the scope of risk to which is extended the manufacturer's duty to deliver a useful product. However, the court indicated that it was possible that a manufacturer who was at fault in performing a contract might have a tort duty as well. In an earlier case, Borden, Inc. v. Howard Trucking Co., 454 So.2d 1081, 1096 (La.1983), on rehearing the court said:
There is a general rule that a party can incur liability in tort, notwithstanding a contractual relationship between parties, for consequential damages (here, loss of use) where the act causing the damage constitutes both a breach of contract and legal fault. Federal Insurance Co. v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972). See also Alexander v. Qwik Change Car Center, Inc., 352 So.2d 188 (La.1977); Wise v. Prescott, 244 La. 157, 151 So.2d 356 (1963); and Burnell v. Sportran Transit System Co., 421 So.2d 1199 (La. App.2d Cir.1982), writs denied, 423 So.2d 1183 (La.1982)....
The principle stated in Borden was approved in New Orleans v. United Gas Pipe Line Co., 517 So.2d 145, 167 (La.App. 4th Cir.1987), where the court concluded that, "... the rule seems quite beyond dispute that the existence of a contract does not confer tort immunity."
The appellants have alleged in brief that Goodwill's acts of negligence, his conduct toward the plaintiff, caused Alarcon's mental anguish and medical problems. They concede that Goodwill was not a party to the insurance contract and was properly dismissed from their claim for damages under the contract; however, they contend they have a justiciable cause of action against Goodwill and Aetna in tort.
The appellees argue that the Alarcons are limited to damages under the contract, as set out in the insurance code at LSA-R. S. 22:658, which provides, in pertinent part:
B.(1) Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of twelve percent damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney fees for the prosecution and collection of such loss, or in the event a partial payment or tender has been made, twelve percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
They distinguish the case at hand from those discussed above on the basis of facts, while citing two others in support of their own position. Those cases, Tano Corp. v. La. Health Service & Indem., 355 So.2d 604 (La.App. 4th Cir.1978), and Nelson v. Allstate Ins. Co., 464 So.2d 1015 (La.App. 1st Cir.1985), deal with claims against insurers for misrepresentation of coverage and delay in paying claims. The courts in both suits rejected the insured's claims on the basis of LSA-C.C. art. 1934(3), finding that general damages on the respective contracts were not due because insurance contracts were not intended to gratify a nonpecuniary loss. The plaintiffs in our case do not base their claim for general damages on article 1934(3); hence these cases do not apply.
The allegations of plaintiffs' tort claim read as follows:

13.
Defendants, Aetna and Kim A. Goodwill, have failed to act in good faith or even attempted good faith, in evaluating and paying the property damage claim, causing Frederick Alarcon and (sic) to become extremely nervous, violently upset, and causing aggravating and worsening pre-existing non-disabling serious medical conditions that are not symptomatic, disabling, serious and permanent physical medical ailments as well as causing serious extreme and permanent mental anguish.

*699 14.
The above damages were directly and proximately caused by the negligent acts of omission and commission on the part of Aetna and Kim A. Goodwill in the following non-exclusive particulars:
1. Failing to evaluate homeowner's claim in a timely manner;
2. Failing to make any meaningful effort to evaluate the homeowner's claim;
3. Failing to attempt to make a reasonable settlement of the homeowner's claim;
4. Failing to fulfill the terms of the contract of insurance;
5. And any other acts of negligence which may be shown at trial hereof....
We note that all the alleged acts of negligence are general allegations of failing to perform the terms of the contract.
The issue of negligence in handling the settlement of claims has arisen in the context of negligent misrepresentation. In each of those cases the issue of the relationship between the adjuster and the insured has been considered.
In Pellerin v. Cashway Pharmacy of Franklin, 396 So.2d 371 (La.App. 1st Cir. 1981), the plaintiff's claim against the insurer had been dismissed on an exception of no cause of action and on prescription. She alleged that the adjuster had assured her that her claim would be settled as soon as she was released by the physician and told her not to contact him until then. By the time she was discharged and reached the adjuster her claim had prescribed and the company refused to settle. The court, apparently believing the adjuster may have undertaken a duty to inform the insured of prescription, remanded with instructions to allow the plaintiff to amend her petition to allege such a breach of duty. The court stated at 373:
As a general rule, there is no relationship existing between a claimant and the insurance adjuster on which a duty to inform of prescription can be based. Green v. Grain Dealers Mutual Insurance Company, 144 So.2d 685 (La.App. 4th Cir.1962); Williams v. Red Barn Chemicals, Inc., 188 So.2d 78 (La.App. 1st Cir.1966). However, there may be circumstances in which the adjuster may be said to have undertaken such a duty. Examples may include the relative education of the parties, the diligence of the claimant in seeking the facts, the actual or apparent authority of the adjuster, the content of his promises to the claimants, misrepresentation or fraud. Penn Mut. Life Ins. Co. v. Nunnery, 176 Miss. 197, 167 So. 416 (1936)....
The plaintiff's claim in Flowers v. U.S. Fidelity & Guaranty Co., 367 So.2d 107 (La.App. 4th Cir.1979), was also dismissed on exceptions of prescription based on the accident and of no cause of action on a tort claim arising from the conduct of settlement negotiations by the adjuster and insurer. There, the Fourth Circuit flatly denied the existence of a duty owed by the adjuster to the plaintiff and affirmed. See also Guillory v. Gulf South Beverages Inc., 506 So.2d 181 (La.App. 5th Cir.1987).
The allegations in the petition in our case, although described as "negligent acts of omission and commission," do not propose that the adjuster had assumed a duty toward the plaintiff which he breached, and because of which Mr. Alarcon's very serious medical problems developed. The petition, as amended, fails to state specific facts upon which a tort claim may be maintained, against Goodwill or Aetna. Accordingly, the trial court correctly maintained the exception of no cause of action as to this tort claim. La.C.C.P. art. 934 provides that: "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court...." We hold that under some circumstances a tort duty may exist in the settlement of an insurance claim and that the plaintiffs must be given the opportunity to amend their petition.
Claim Under Unfair Trade Practices And Consumer Protection Law.
The law is set out in LSA-R.S. 51:1401-1418 and provides at Sec. 51:1405(A) that, "unfair methods of competition *700 or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." However, the definition of unfair or deceptive acts has been left to the courts, which have adopted the statement in Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La.App. 2d Cir. 1978), to the effect that a practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. R.S. 51:1409 provides for private action by a person suffering loss of money or movable property because of another's use of an unfair or deceptive practice.
R.S. 51:1406(1) provides that the statute shall not apply to actions or transactions subject to the jurisdiction of certain state regulatory bodies or commissioners, including the insurance commissioner. The appellant would have us follow the holding in Lamarque v. Massachusetts Indem. & Life Ins. Co., 794 F.2d 197 (5th Cir.1986). On an issue regarding unreasonable delay in processing an insurance application, the court held, in effect, that the insurance commissioner did not have exclusive jurisdiction over unfair trade practices in the insurance industry. As of the time the case before us was submitted, we had discovered no Supreme Court opinion dealing with this jurisdictional issue. We note that in a recent decision, West v. Fireman's Fund Insurance Company, 683 F.Supp. 156 (M.D.La.1988), a federal court chose to follow Comeaux v. Pa. General Ins. Co., 490 So.2d 1191 (La.App. 3rd Cir.1986) rather than Lamarque. Both the West case and Comeaux were concerned with failure to settle a claim for damages from automobile accidents. Comeaux held that the action clearly fell within the jurisdiction of the insurance commissioner and was exempt from the Unfair Trade Practices And Consumer Protection Law. The West court explained that it was aware of the holding to the contrary in the federal Fifth Circuit case of Lamarque v. Massachusetts Indem. & Life Ins. Co., supra, but believed that, "the decision rendered by the Louisiana state court [in Comeaux v. Pa. General Ins. Co., supra] is not only binding on this court, but is also correct."
We agree with the trial judge's finding that the plaintiffs cannot maintain an action under the Unfair Trade Practices And Consumer Protection Law, because of the statutory exclusion, and hold that the exception of no cause of action was properly maintained.
DECREE
For the reasons assigned above, we reverse and set aside the summary judgment. We affirm the judgment insofar as it maintains the defendants' peremptory exception of no cause of action in regard to the plaintiffs' claim of negligence and damages therefrom against both Kim A. Goodwill and Aetna Casualty and Surety Company; however, we reverse the dismissal of the plaintiff's claim and remand with instructions to the trial judge to order the plaintiffs to amend their petition in accordance with La.C.C.P. art. 934 within a delay to be set by the trial court. We further affirm the judgment insofar as it maintains the defendants' peremptory exception of no cause of action and dismisses plaintiffs' claim against Kim A. Goodwill and Aetna Casualty and Surety Company under La.R. S. 51:1401 et seq., the Unfair Trade Practices and Consumer Protection Law.
REVERSED AND SET ASIDE IN PART, AFFIRMED IN PART, AND REMANDED WITH INSTRUCTIONS.
KLIEBERT, J., concurring.
I agree with the results reached by the majority but not necessarily for the reasons stated in the opinion. In my view the pleadings as presently drafted were sufficient to maintain a cause of action for breach of contract against Aetna. Damages for a proven breach could include a claim for proven mental anguish the same as could be recovered in an action in tort. However, the same action could not be maintained against Aetna's employee, Goodwill, because of the lack of privity of contract between the plaintiff and Goodwill.