SCHOTT, Chief Judge.
This is a claim for damages by an insured, Ernest J. Harris, against his insurer, Underwriters at Lloyd’s, London, for damages allegedly sustained by Harris as a result of the failure of the Underwriters to pay Harris for the loss of his truck and trailer. The issue is whether an insured has a cause of action for damages against his vehicle physical damage insurer beyond the policy limits and statutory penalties and attorney fees. From a judgment dismissing his claim for such damages Harris has appealed.
Harris leased the truck and trailer from Defelice Industries, plaintiff, on August 1, 1981, for a term of 38 months with the provision that title would be transferred to Harris upon payment in full of the rentals. On March 23, 1982 the Underwriters issued to Harris a policy of insurance against physical damage to the rig in the amount of $50,000. On June 8, 1982 the rig was destroyed in an accident.
When Harris made claim for the proceeds the adjuster learned that Harris did not have title to the rig, but Defelice did. Defelice claimed the proceeds so that it could apply them to the mortgage it owed on the rig. Consequently, the Underwriters declined payment pending a determination as to whom the proceeds were owed.
Defelice commenced the present suit against Harris for the value of the rig, the balance of the lease payments, and the balance it owed on the mortgage of the rig. Harris countered with a reconventional demand against Defelice and a third party demand against the Underwriters for damages resulting from the non-payment of the proceeds. He settled his claim against De-felice. His claim against the Underwriters sounds in tort as well as contract and includes amounts for consequential and exemplary damages. The underwriters filed an exception of no cause of action as to all parts of the claim except the amount of the policy and statutory penalties and attorney fees. The trial court sustained the exception and Harris has appealed.
While the principal issue in the case is whether appellant may recover consequential and exemplary damages, Harris also contends that the judgment is procedurally defective in that the trial court erroneously sustained only a partial exception of no cause of action, dismissing Harris’ suit as to some of his claims while leaving others intact.
When a petition states a cause of action as to any portion of the demand based on the same set of facts the exception of no cause of action should be overruled in order to avoid a multiplicity of *645 appeals. See Judge Lemmon’s concurring opinion in Tano Corp. v. Health Service & Indem., 355 So.2d 604, 606 (La.App. 4th Cir.1978). In this case the trial court should have Overruled the exception and permitted Harris to proffer his evidence supporting his other claims. In this way the case would have moved forward in the trial court resulting in a single appeal. In the case’s present posture the case must go back to the trial court regardless of the outcome of this appeal and the possibility of a second appeal is a good one. The proper remedy for Harris was to file a motion to dismiss this appeal when it was first lodged. At this stage the case has already been delayed, briefed and argued so that no practical benefit would follow from a reversal on the procedural issue without a consideration of the merits of the appeal.
In the Tano case this court was confronted with a hospitalization claim against Blue Cross in which the plaintiff sought damages in tort and contract in addition to medical benefits due under the policy. The court reasoned that LSA-C.C. art. 1935 of the Code of 1870 (now C.C. art. 2000) prevented such • recovery by providing that when the object of the performance of a contract is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it was due. The article further provides that whatever loss the obligor suffered he can recover no more. The court held that this barred plaintiff's C.C. art. 2315 action based upon fraud and misrepresentation by the insurer’s agent. The court also rejected plaintiff’s argument that Code of 1870 art. 1934(3) (now art. 1998) authorized an award because the contract had for its object “intellectual gratification” holding that the article was inapplicable to a suit for money due under an insurance contract. The court in Nelson v. Allstate Ins. Co., 464 So.2d 1015, 1021 (La.App. 1st Cir.1985) reached the same conclusion with respect to a claim by plaintiff against his uninsured motorist carrier.-
Harris contends that Alarcon v. Aetna Cas. and Sur. Co., 538 So.2d 696 (La.App. 5th Cir.1989) supports his position. In that case plaintiff, asserting a claim for a fire loss against Aetna, accused the adjuster of failing to act in good faith and failing to evaluate the claim causing plaintiff medical problems and mental anguish. The court found that plaintiff’s breach of contract claim for damages under art. 1934(3) was precluded as in Tano and Nelson, but found that these cases did not apply to plaintiff’s tort claim. The court held that under some circumstances a tort duty to the claimant may exist in the settlement of an insurance claim on the part of the adjuster making the insurer liable under C.C. 2315 in the event of a breach of that duty.
We decline to follow Alarcon. First, the Alarcon court misread Tano as dealing only with the art. 1934(3) contract claim and not the tort claim. The Tano court specifically held that plaintiff’s art. 2315 claim was excluded by art. 1935. Second, this court is bound to follow Tano since it is a decision from this circuit.
The legislature has provided a remedy for the imposition of penalties on the insurer whose failure to pay policy proceeds is found to be arbitrary, capricious, or without probable cause. R.S. 22:658. Consequently, plaintiff is not without remedy if he can prove his allegations. We conclude that the trial court correctly held that plaintiff is not entitled to recover consequential or exemplary damages but is limited to a claim for the policy proceeds together with interest, penalties and attorney fees.
Accordingly, the- judgment is affirmed.
AFFIRMED.