617 So.2d 86 (1993)
David R. FINE
v.
Lisa Joyce RUBIN.
No. 93-C-0268.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
Margaret E. Woodward, New Orleans, and Lawrence D. Kupferman, Drew Findling, Atlanta, GA, for defendant/relator.
Richard L. Ducote, New Orleans, for plaintiff/respondent.
Before SCHOTT, C.J., and WALTZER and LANDRIEU, JJ.
WALTZER, Judge.
Relator invokes our supervisory jurisdiction for a judgment overruling her exceptions *87 of lack of jurisdiction and improper venue. We affirm the ruling of the trial court.

BACKGROUND
Relator Lisa Rubin has been sued by New Orleans attorneys in Orleans Parish for legal fees allegedly due. Ms. Rubin is incarcerated in the State of Maryland because she was convicted of the first degree murder of her husband. The attorneys were retained in the State of Maryland to represent Ms. Rubin in civil and criminal proceedings because of the attorneys' work in the field of battered spouse defenses. Neither attorney is admitted to practice in the State of Maryland. The major portion of the preparations for trials and appeals would have been made in Orleans Parish, where the attorneys have their offices. Relator had contacted the attorneys in New Orleans by phone and correspondence and the attorneys travelled to interview Ms. Rubin at the prison in Maryland. Their expenses were prepaid by Ms. Rubin; legal files were forwarded to the New Orleans attorneys and an exchange of correspondence followed. At the interview initiated by Ms. Rubin, a retainer agreement was signed. The contract reads inter alia:

Forum for Litigation: If any dispute arises between client and attorney regarding the terms of this contract, client agrees to litigate the matter in the court of proper jurisdiction in the Parish of Orleans, State of Louisiana, and to be bound by Louisiana Law.
Ms. Rubin has asserted that she lacked minimum contacts with Louisiana, has never conducted activities here, had never been to the State, and that all work to be performed by the attorneys was to be done for litigation in the State of Maryland. Moreover, relator asserts that the retainer agreement was signed in Maryland under duress and, therefore, the contract designating the Louisiana forum should be found unenforceable. The trial court considered affidavits of the absent defendant and found that Ms. Rubin signed the contract containing the forum clause, after having its contents explained to her. The court below also found that there was no undue burden on relator to litigate in Louisiana, because she could not attend proceedings anywhere because of her incarceration in Maryland. Additionally, the court found that the defendant knew that the attorneys would do a considerable amount of work in Louisiana and that the State of Louisiana has a definite interest in reviewing the issue of the amount of fees charged by the attorneys ($300 per hour) and that the conduct of the attorneys is a matter of public interest to the State of Louisiana.

THE LAW
In Fox v. Bd. of Superv. of La. State Univ., 576 So.2d 978 (La.1991) the Supreme Court considered the Long-arm Statute and noted that the limits of the statute are coextensive with the limits of personal jurisdiction as they comport with constitutional due process. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) listed five factors to be considered to be used "in determining whether the assertion of personal jurisdiction comports with fair play and substantial justice"
1) the burden on the defendant;
2) the forum State's interest in the dispute;
3) the plaintiff's interest in obtaining convenient and effective relief;
4) the judicial system's interest in obtaining efficient resolution of controversies; and
5) the State's shared interest in fostering fundamental substantive social policies.
Relator insists that Ms. Rubin never physically came to Louisiana and, therefore, no personal jurisdiction can be asserted over her. However, Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) stands for the proposition that "Jurisdiction ... may not be avoided merely because the defendant did not physically enter the forum State. Although territorial presence frequently will enhance a potential defendant's affiliation with the State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted *88 solely by mail and wire communications across the state lines, thus obviating the need for physical presence within a State in which business is conducted." at 476, 105 S.Ct. at 2184.

CONCLUSION
Although Ms. Rubin never personally came to Louisiana the record shows the following substantial contacts with Louisiana:
a) the defendant contacted the New Orleans lawyers by phone and wrote to them in New Orleans to request their representation;
b) the defendant contacted former attorneys and others from various states to send her files and records to the attorneys' office in New Orleans;
c) the attorneys were flown from New Orleans, Louisiana to Maryland to interview the defendant at her expense; the trip was not initiated by them;
d) the defendant signed a contract which included a clause naming Orleans Parish as the forum;
e) the defendant knew that a substantial part of the contract would be performed in this State;
f) Attorneys' fees charged by Louisiana attorneys are of definite interest to the State of Louisiana.
The trial court found that there was no undue burden on the defendant to litigate in Louisiana, because being incarcerated in Maryland she would be unable to attend a trial regardless where held. Although it might be possible to physically obtain the presence of the defendant in a Maryland court because she is incarcerated there, exercising personal jurisdiction over the defendant will not offend traditional notions of fair play and substantial justice.
Relator's requests for relief are denied. The trial court is affirmed.
APPLICATION FOR SUPERVISORY WRITS GRANTED. RELIEF DENIED. TRIAL COURT AFFIRMED.