660 So.2d 83 (1995)
Bernice A. CLAUSEN
v.
The FIDELITY AND DEPOSIT COMPANY OF MARYLAND, a Foreign Insurer of Peoples Federal Savings and Loan.
No. 95 CA 0504.
Court of Appeal of Louisiana, First Circuit.
August 4, 1995.
Rehearing Denied September 13, 1995.
*84 Dan Boudreaux, Baton Rouge, for appellant, Bernice A. Clausen.
Arthur Cooper, Baton Rouge, for appellee, The Fidelity and Deposit Co. of Maryland.
Before GONZALES and PARRO, JJ., and REDMANN[1], J. Pro Tem.
GONZALES, Judge.
This is an appeal from a judgment granting a peremptory exception of prescription in favor of the defendant, Fidelity & Deposit Company of Maryland (Fidelity), and dismissing all claims brought by the plaintiff, Bernice A. Clausen (Clausen).

FACTS
By a judgment of possession in the Succession of Mary Anderson Guidry, dated November 15, 1976, Clausen was declared the owner of three savings certificates issued by Teche Federal Savings Bank (Teche Federal) in Franklin, Louisiana, totalling $17,543.58. Bank records indicate that three checks totalling $17,543.58 were issued and mailed to Clausen on December 29, 1976. The checks were deposited at now-defunct Peoples Federal Savings and Loan (Peoples Federal) on December 30 or 31, 1976; thereafter, Peoples Federal presented the checks to Acadian *85 Bank, Thibodaux, Louisiana (Acadian Bank), for collection. Acadian Bank then presented the checks to Teche Federal's depository bank, St. Mary's Bank, for payment. The checks cleared in early January 1977. Clausen alleges that she never received the checks or the funds represented by those checks.
By letter dated October 5, 1992, Clausen's attorney notified Fidelity that he had been retained by Clausen "to represent her interests in the matter of the conversion and related actions that occurred, through act or omission, by and/or for the former Peoples Federal Savings and Loan Association." Clausen's attorney also requested that Fidelity contact him upon receipt of the letter "to commence the restitution due [Clausen] for the negligent or other acts of [Peoples Federal.]" After apparently speaking with John Dominick, a Fidelity field claims supervisor on December 4, 1992, Clausen's attorney wrote a second letter, dated January 21, 1993, requesting that Dominick send a letter concerning insurance issues affecting Clausen's claim as well as any applicable insurance policies. Clausen's attorney wrote a third letter to Fidelity, dated April 21, 1993, indicating that the requested letter and insurance policies had never been received. Clausen alleges that Fidelity failed to respond to her attorney's inquiries until after suit had been filed.

PROCEDURAL HISTORY
On June 21, 1993, Clausen filed suit in the Nineteenth Judicial District against Fidelity, as the insurer of Peoples Federal.[2] Fidelity filed a peremptory exception of prescription which was granted by the trial court on October 25, 1994. Clausen appeals the granting of the peremptory exception, contending that the trial court erred in basing its decision solely on the dates of the alleged mishandling of the funds by Peoples Federal. Clausen contends that she also seeks damages from Fidelity for its failure to respond to her inquiries, and that such inaction constitutes a breach of the duties imposed upon insurers by statutes contained in Title 22 of the Louisiana Revised Statutes. It is Clausen's position that her Title 22 claims are not prescribed.

TITLE 22 CLAIMS
In an amended petition filed on December 16, 1993, Clausen alleges:
[t]hat defendant, Fidelity, has undertaken certain acts, omissions, or conduct in violation of R.S. 22:658, R.S. 22:1214(14), and/or R.S. 22:1220, including, but not limited to, improper adjustment of the claim, numbered 589585-9, within thirty (30) days, unfair claims settlement practices, and lack of good faith to fairly and promptly act upon claimant's loss of property.
Regarding recovery under La.R.S. 22:658 and 22:1220, we conclude that a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim.[3] *86 This conclusion reflects the general principle that statutes allowing for the imposition of penalties must be strictly construed. Gibbs Construction Company, Inc. v. State, Department of Labor, 540 So.2d 268, 269 (La.1989); Hernandez v. Continental Casualty Insurance Company, 615 So.2d 484, 490 (La.App. 4th Cir.), writ denied, 620 So.2d 850 (La.1993). Therefore, we must first determine if there is an underlying claim, and if so, its validity.
In a companion case also decided this day, Clausen v. Teche Federal Savings Bank, et al, 94 CA 2223, we affirmed the trial court's decision that all of Clausen's claims for the alleged mishandling of the succession funds are prescribed. Therefore, because Clausen's underlying substantive claims are prescribed and no longer valid, she is not entitled to relief under La.R.S. 22:658 or 1220.[4]
Regarding Clausen's claim under La. R.S. 22:1214(14), we conclude that this statute does not provide for a private cause of action. Under Title 22, there is a detailed enforcement mechanism by which the Commissioner of Insurance is empowered to investigate allegations of unfair methods of competition or unfair or deceptive acts in the insurance business, to hold hearings, to issue cease and desist orders, to assess monetary penalties against violators, and to suspend or revoke the license of violators. La.R.S. 22:1215, 1216, 1217 and 1217.1. However, no provision in this statutory scheme creates a cause of action in favor of a person allegedly injured by unfair trade practices in the insurance business as set forth in La.R.S. 22:1214. Further, Clausen has pointed to no case, nor have we found one, which jurisprudentially creates a private cause of action under La. R.S. 22:1214(14).

DECREE
In conclusion, although Clausen correctly points out that her Title 22 claims should not have been dispensed with by the granting of Fidelity's exception of prescription, we find no error in the trial court's dismissal of all of her claims, because these claims fail to state a cause of action.[5] The judgment of the trial court is AMENDED to provide that Clausen's claims are dismissed due to her failure to state a cause of action, and the judgment is AFFIRMED as amended. Costs of this appeal are assessed to Clausen.
WILLIAM V. REDMANN, J. Pro Tem., dissents with opinion.
WILLIAM V. REDMANN, Judge Pro Tem., dissenting.
Although I agree with much of the majority opinion, my dissent in the related case against Teche Federal Savings Bank (and Fidelity's insured, Peoples Federal), No. 94-2223, would at least preserve the underlying claim against Peoples and therefore presumably that against Fidelity from prescription.
NOTES
[1] Judge William V. Redmann, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Also on June 21, 1993, Clausen filed a separate suit against Teche Federal, Maunette B. Risher, Acadia State Bank, Peoples Federal through Fidelity, and the Resolution Trust Corporation in the Sixteenth Judicial District. This other suit is also before this court on appeal under docket number 94 CA 2223.
[3] This requirement is analogous to the requisite conditions imposed on a plaintiff asserting a legal malpractice claim or a defamation claim. In order to successfully assert a legal malpractice claim, a plaintiff must establish (1) the existence of an attorney-client relationship, (2) that the attorney was guilty of negligence or professional impropriety in his relationship with the client, and (3) that this misconduct caused plaintiff some loss. Ault v. Bradley, 564 So.2d 374, 376 (La.App. 1st Cir.), writ denied, 569 So.2d 967 (La.1990). Similarly, an action for defamation arising out of judicial proceedings and against a party to those proceedings cannot be brought until the party making the alleged defamatory statements has had an opportunity to prove the truth of the allegations in the suit in which they were made. Ballex v. Naccari, 95-0057 (La.App. 4th Cir. 6/7/95); 657 So.2d 511. Likewise, we find that in order to successfully assert a claim against an insurer for breaching its duty to adjust claims fairly and promptly and to make reasonable settlement efforts, a plaintiff must first have a valid substantive claim for which insurance coverage is due.
[4] Clausen's claim under La.R.S. 22:658 is invalid for another reason. It is clear that § 658(A)(1) imposes a duty of prompt payment upon insurers only when the claim is due to an insured. In this case, Clausen is not the insured of Fidelity, and therefore, has no claim against Fidelity under § 658(A)(1). It is likewise clear that subsections (2), (3), and (4) of § 658(A) only apply to third-party property damage claims and medical expenses, which are not at issue in this case. Thus, Clausen also has no claim against Fidelity under § 658(A)(2), (3), or (4).
[5] The failure to disclose a cause of action may be noticed by an appellate court on its own motion. La.C.C.P. art. 927.