hAMY, Judge.
The plaintiff, Robert Tatum, appeals the trial court’s grant of the defendant’s exception of jurisdiction. The trial court found that the plaintiff could not bring a La.R.S. 22:1220 claim in a Louisiana court where the underlying claim, a tort action, could not have been brought within this state but, instead, only in Texas, the situs of the accident. We affirm.
DISCUSSION OF THE RECORD
This appeal arose from a suit brought under the provisions of La.R.S. 22:1220 in which the plaintiff, Robert Tatum, sought *1077 damages and penalties from the defendant, Colonial Lloyds Insurance Company, for late payment of a settlement. The original factual basis for the suit was an accident which occurred in Texas. The record reveals that the plaintiff is a Louisiana resident who was injured in a fall while at the Texas home of an insured of the defendant. The plaintiff and the defendant entered into settlement negotiations after the plaintiff returned to Louisiana. Toward |2that purpose, the defendant contacted Huey T. Littleton Claims Service, Inc. of Shreveport, Louisiana to adjust the claim. According to the plaintiff’s petition, the parties reached a settlement on June 25,1996.
However, the plaintiffs filed a petition on August 5, 1996 alleging that the defendants did not pay the settlement within thirty days and that, pursuant to La.R.S. 22:1220, the plaintiff is due damages and penalties for this failure to pay.
In response to the petition, the defendants filed an Exception of Jurisdiction on September 3,1996. In the exception, the defendants alleged that the accident giving rise to the plaintiffs cause of action occurred in Texas and that the insurance policy issued by the defendant was entered into in Texas.
The trial court granted the exception finding that the court lacked jurisdiction over the underlying matter and, therefore, lacked jurisdiction on the issue of penalties for failing to pay the settlement. The plaintiff now appeals and assigns the granting of the exception as error.
LAW
The plaintiff recognizes that Louisiana courts would have no jurisdiction over any injury suit resulting from the accident because it occurred in Texas. However, the plaintiff maintains that the instant suit does not have its basis in the Texas accident, but is, instead, a separate and distinct claim arising from the negotiation, settlement, and subsequent late payment by the defendant. The plaintiff argues that the defendant negotiated and signed the settlement in Louisiana with a Louisiana attorney and adjuster. Further, the plaintiff states, in brief, that when the defendant 13“chose to enter into the settlement, they subjected themselves to the provisions of LSA — R.S. 22:1220_”
La.R.S. 22:1220 provides remedies for an insurer’s failure to deal in good faith. The statute provides, in pertinent part:
A. An insurer, including but not limited to a foreign line and surplus line insurer, owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
[[Image here]]
' (2) Failing to pay a settlement within thirty days after an agreement is reduced to writing.
In Clausen v. Fidelity and Deposit Co. of Maryland, 95-0504 (La.App. 1 Cir. 8/4/95); 660 So.2d 83, writ denied, 95-2489 (La.1/12/96); 666 So.2d 320, the first circuit found that a La.R.S. 22:1220 action cannot stand alone, but is in fact dependant on an underlying cause of action-. In that case, the court found that the underlying cause of action had prescribed and, therefore, the plaintiff could not maintain an La.R.S. art. 22:1220 action. The court stated:
Regarding recovery under La.R.S. 22:658 and 22:1220, we conclude that a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim. This conclusion reflects the general principle that statutes allowing for the imposition of penalties must be strictly construed.
'\iId. at p. 3-4; 660 So.2d at 85-86 (footnote and citations omitted).
*1078 In granting the exception, the trial judge noted that a Louisiana court would have no jurisdiction over any suit resulting from the accident. The trial judge wrote, in the reasons for ruling, that:
It is clear as to the underlying claim of Mr. Tatum for his injuries, he could not bring a direct action against Colonial Lloyds Insurance Company pursuant to R.S. 22:655, because the accident or injury did not occur in this State nor was the policy written or delivered in this State.
As for the plaintiffs argument that the instant matter is a separate and distinct claim, the trial judge applied the rationale of Clau-sen and stated:
Using this rationale, the issue here is whether this court has jurisdiction on the underlying cause of action, being the initial accident in Texas. As already stated above, this court does not have jurisdiction over that underlying cause. Based on the rationale in Clausen then, since the penalties provided by 22:1220 do not stand alone and do not provide a cause of action independent of the underlying claim, this court does not have jurisdiction over the defendant in this matter based solely on 22:1220.
Like the trial court, we too find the rationale of Clausen persuasive. In the instant case, the injury occurred in Texas. Additionally, the insured was a Texas resident and the insurance policy was delivered in Texas. Therefore, any action arising from that accident should have properly been brought in a Texas court. No Louisiana court could have heard such a suit. We recognize that the settlement negotiations took place exclusively in Louisiana. However, these negotiations cannot be separated from and are derivative of the accident which occurred in Texas.
Accordingly, we conclude that since La. R.S. 22:1220 provides for damages and penalties within the Louisiana Insurance Code, an underlying cause of action giving rise to the possibility of such damages and penalties must be maintainable under the ] slaw of this state to which that Code is applicable. This is not so in the present case. Therefore, we find no merit in the assignment of error.
DECREE
For the foregoing reasons, the decision of the lower court is affirmed and all costs of this appeal are assessed to the plaintiff, Robert Tatum.
AFFIRMED.
COOKS, J., dissents.
SAUNDERS, J., dissents and assigns written reasons.