11 SAUNDERS, Judge,
dissenting.
I feel that the trial court misapplied the principles set forth in Clausen, 660 So.2d 83, to the case sub judice and would reverse based upon the distinguishing features of each case.
In Clausen, the owner of inherited savings certificates filed suit against the issuing bank’s insurer, alleging that although the funds were deposited at the bank, claimant never received the funds. The defendant bank’s records reflected that three checks representing the amount of the savings certificates were issued and mailed to claimant some 17 years earlier.
Referring to the language quoted in Clausen, 660 So.2d 83, the trial court required that in order to bring an action under La. R.S. 22:1220, a plaintiff “must first have a valid, underlying, substantive claim upon which insurance coverage is based.” Id. at 85. There is no doubt that the plaintiff in this case does, in fact, have a “valid, underlying, substantive claim.” The Texas accident took place on April 6, 1996; liability on the part of the insured was never contested; and plaintiff brought this action before his underlying claim had prescribed. Even though this underlying claim could not have been brought in Louisiana due to lack of jurisdiction, nowhere does yjClausen state that lack of jurisdiction over the valid underlying claim is grounds for denial of the La.R.S. 22:1220 claim.
Furthermore, although the Clausen court stated that “the penalties authorized by these statutes do not stand alone;” the trial court followed this statement with the phrase “they do not provide a cause of action against an insurer absent a valid, underlying, insurance *1079 claim.” Id. at 85. In my opinion, this language clearly implies that as long as there is a valid underlying claim, an action may be brought independently under La.R.S. 22:1220. I do not interpret this language to hold that a La.R.S. 22:1220 action cannot be brought without also bringing the valid underlying claim at the same time.
Another distinguishing factor between Clausen and the case at bar is the fact that in Clausen, the underlying claim, the claim for the funds contained in the savings certificates, is precisely what gave rise to the cause of action. However, in the ease before us, the cause of action arises out of the breach of a separate contractual obligation, which is the failure of the defendant to timely pay a settlement taking place in the state of Louisiana.
Next, I distinguish between the relief which was afforded the defendant in both Clausen and the case before us. Clausen never addressed the issue of jurisdiction. Instead, the court merely barred recovery since the plaintiff failed to state a cause of action due to the fact that her underlying claim had prescribed. Here, the trial court improperly expanded this rule to decline jurisdiction over an action which actually does have a valid underlying claim.
Furthermore, I find that the facts before us clearly establish that jurisdiction in Louisiana over the non-resident defendant is appropriate when the defendant’s contacts with the foreign state are “such that the maintenance of the suit does notjjoffend traditional notions of fair play and substantial justice.” Salley v. Colonial Marine Industries, Inc., 95-2215 (La.App. 4 Cir. 9/11/96); 680 So.2d 1242, 1248, citing International Shoe Company v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Salley further quotes:
It is generally held that those nonresidents who enter into interstate contracts with a forum state’s citizens subject themselves to the specific jurisdiction of that state in a suit arising from the contractual obligation. deReyes, 586 So.2d at 106; Bordelon, Hamlin, Theriot & Hardy v. Burlington Broadcasting, Ltd., 94-1839, p. 5 (La.App. 4th Cir. 3/16/95), 652 So.2d 1082, 1085, citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985); see also Fine v. Rubin, 617 So.2d 86 (La.App. 4th Cir.1993). If the defendant is thus found to have “purposefully established such minimum contacts with the forum state, a presumption arises that jurisdiction is reasonable and the burden of proof and persuasion shifts to the defendant” to show the factors of the fairness analysis weigh against the exercise of jurisdiction. deReyes, 586 So.2d at 106-07; Burlington Broadcasting, 94-1839 at pp. 5-6, 652 So.2d at 1085.
Salley, 680 So.2d at 1249.
These well established and deeply rooted jurisprudential standards regarding jurisdiction are clearly met in the case before us. By entering into the settlement agreement in the State of Louisiana, the defendant established the necessary “minimum contacts” for the purpose of invoking jurisdiction. Further, the defendant has failed to show that it would be unfairly prejudiced by the exercise of jurisdiction. I would not allow the above jurisprudential standards to be negated by expanding the rule in Clausen to include the present circumstances. I respectfully dissent.