734 So.2d 1285 (1999)
Brian K. PHILLIPS, Plaintiff-Appellant,
v.
PATTERSON INSURANCE COMPANY, et al., Defendants-Appellees.
No. 98-1849.
Court of Appeal of Louisiana, Third Circuit.
May 19, 1999.
John Daniel Rayburn Jr., J. Clemille Simon, Kevin R. Duck, Lafayette, for Brian K. Phillips.
Paul David Escott, Lafayette, for Patterson Insurance Company, et al.
Keith Michael Borne, Lafayette, for Safeway Insurance Company.
Before: DOUCET, Chief Judge, COOKS and PICKETT, Judges.
PICKETT, Judge.
The plaintiff, Bryan K. Phillips, appeals the trial court's maintaining defendants' exception of prescription and dismissing his claims as to defendants, Jessie J. Henry, *1286 Jr. and Patterson Insurance Company. Plaintiff also appeals the trial court granting summary judgment in favor of defendant, Safeway Insurance Company. We affirm on the exception of prescription issue and vacate the summary judgment and remand for further proceedings for the reasons expressed herein.

BACKGROUND
Plaintiffs suit arises out of an automobile accident in Iberia Parish, Louisiana on April 22, 1995. Plaintiff named the other driver, Jessie J. Henry, Jr. and his liability insurer, Patterson Insurance Company. Plaintiff filed suit on April 22, 1996 in Lafayette Parish. Defendants were served on June 4, 1996 and May 24, 1996, respectively.
In response, defendants filed a Declinatory Exception of Improper Venue. The trial court overruled the exception. On June 18, 1996, plaintiff amended his complaint to add his insurer, Safeway Insurance Company, to recover under an uninsured motorist policy. The trial court ruled that any defect concerning venue was cured by joining Safeway. Subsequently, Safeway filed for a Motion of Summary Judgment which was granted by the trial court and dismissed plaintiffs uninsured motorist claim.
Defendants filed an Answer on July 31, 1996. Defendants later filed an Exception of Prescription on August 29, 1996 which was granted by the trial court. Plaintiff applied for supervisory writs. This honorable court granted the writ and reversed the trial court's granting of the Exception of Prescription. Defendants then filed an emergency application for supervisory relief with the Louisiana Supreme Court. The Supreme Court reinstated the trial court's Exception of Prescription and remanded the case to the trial court for further proceedings. Plaintiffs motion for rehearing was denied.
Plaintiff then filed this appeal. Defendants submitted a Motion to Dismiss Unlodged Appeal which was referred to the merits and will be considered herein.

ANALYSIS

Exception of Prescription
We are presented with a procedural quagmire. We must first determine if this appeal is appropriate as to the exception of prescription. As a corollary, if this appeal is not proper, the question arises whether plaintiff had an opportunity to lodge an appeal on the exception of prescription issue.
A judgment maintaining an exception of prescription and dismissing a cause of action is final. A final judgment is an appealable judgment. Even if only a portion of a case was dismissed by that exception, the judgment sustaining the exception of prescription is still a "final appealable judgment." Walle Corp. v. Hibernia Nat. Bank, 96-803 (La.App. 5 Cir. 3/25/97); 692 So.2d 1238. The appropriate procedural device would be to timely file a motion for devolutive appeal. However, a filing erroneously entitled application for supervisory writs should be treated as a timely motion for devolutive appeal. In re Howard, 541 So.2d 195 (La.1989); La.Code Civ. P. art. 1841, 2083, 2087. Plaintiff sought supervisory writs from this honorable court and the trial court judgment was reversed. Plaintiffs application for supervisory writs should be treated as an appeal.
On defendant's emergency application to the Louisiana Supreme Court, the Supreme Court reversed and reinstated the trial court judgment. The Supreme Court reviewed the trial court's overruling of defendant's exception of venue and maintained the exception of prescription based on improper venue. Plaintiff argues that defendant waived any objection and review of venue by failing to seek supervisory writs. "[R]eview of a prescription issue requires a full review of the record which includes all pretrial proceedings." Smith v. Cliffs Drilling Co., 562 So.2d 1030 (La. *1287 App. 3 Cir.1990). Therefore, since an appellate court does not have authority to review a decision of the Supreme Court, the exception of prescription is reinstated.
Alternatively, plaintiff argues that exceptional circumstances justify relief from the res judicata effect of judgment and that the court has discretion, in exceptional circumstances, to refuse to apply the doctrine of res judicata in a situation which application of the doctrine would be unfair to claimant. La. R.S. 14:4232. We do not find exceptional circumstances in this case to justify relief from the res judicata effect.

Motion for Summary Judgment
Plaintiff appeals trial court's granting a Motion for Summary Judgment dismissing plaintiff's claims for uninsured motorist coverage against defendant, Safeway Insurance Company. The trial court based its ruling for summary judgment on the finding that plaintiff had rejected uninsured motorist coverage.
Plaintiff alleges the trial court erred in failing to give plaintiff an opportunity to present argument on the Motion for Summary Judgment due to the court's finding that counsel violated Local Rule 23 of the Fifteenth Judicial District. Plaintiff also asserts that the affidavit supporting defendant's motion for summary judgment was invalid because the affiant did not have personal knowledge of the facts contained in the affidavit and that the affidavit was improperly served.
Plaintiff filed his opposition and memorandum three days prior to the June 22, 1998 hearing on the Motion for Summary Judgment which was continued and then rescheduled at plaintiff's request from an original hearing date of February 2, 1998.
Local Rule 23 of the Fifteenth Judicial District provides as follows:
Section A. Except for good cause shown, a pre-trial brief shall be submitted by both parties to a trial on any motion and or trial on the merits at least seven (7) working days prior to trial. It will not be necessary to file such a brief in connection with rules for alimony or child support, or suits on notes or open accounts unless there are unusual or complicated issues of law or fact to be considered. Copies of briefs should set forth the facts expected to be proved, the issues involved, and the law pertaining thereto, in that order. Supplemental briefs may be filed at any time. Failure to file such brief may result in such disciplinary action as the Court may deem necessary.
Section B. The original of all pretrial briefs shall be filed with the Clerk of Court and a copy delivered to the presiding judge.
Section C. The provisions of the above sections shall apply to trial and argument of exceptions, preliminary motions and incidental demands prior to actual trial on the merits.
Section D. All briefs and memoranda shall set forth the date and place of trial or hearing in the first sentence of the first paragraph.
Local Rule 23 extends to more than pretrial briefs through Section C. Plaintiff failed to timely file its opposition and the trial court did not abuse its discretion.
Plaintiff also argues that the affidavit supporting Safeway's motion for summary judgment was not based on personal knowledge and is invalid. A statement of fact based on personal knowledge acquired through research and experience, and not an expert opinion based on hypothetical or assumed facts, meets the requirement for an affidavit supporting or opposing summary judgment. Obiago v. Merrell-National Laboratory, Inc., 560 So.2d 625 (La. App. 4 Cir.), writ denied, 565 So.2d 445(La.1990). We find the affidavit signed by Ms. Thibodeax, Safeway's Underwriting Supervisor, meets the personal knowledge requirement for an affidavit supporting or opposing summary judgment.
The final issue for consideration is whether the affidavit was properly served. *1288 "The motion for summary judgment and supporting affidavits shall be served at least ten days before the time specified for hearing". La.Code Civ.P. 966(B). We find that this means that any supporting affidavits must accompany the motion for summary judgment. In this case, the record contains the motion for summary judgment and affidavit with attached exhibits. However, plaintiff claims he was not served the affidavit and exhibits. Based on article 966(B), we find that the affidavits must be served with the motion for summary judgment.
We find that the "motion for summary judgment was not properly before the district court and it was error for the trial court to have considered the motion." Peters v. Charity Hosp. Of Louisiana at New Orleans, 490 So.2d 505, 507 (La.App. 4 Cir.1986). Whether the affidavit was served is a factual question; it is also a legal prerequisite to obtaining summary judgment. Therefore, we vacate the summary judgment and remand to determine whether the affidavits were appropriately served.
For the above reasons, the judgment maintaining the exception of prescription and dismissing plaintiff's suit against defendants, Jessie J. Henry, Jr. and Patterson Insurance Company, is affirmed. The Motion for Summary Judgment granted in favor of Safeway Insurance Company is vacated and the case is remanded, insofar as it relates to plaintiff's claims against Safeway Insurance Company, to the trial court. Costs are assessed three quarters to plaintiff and one quarter to defendant, Safeway.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.