813 So.2d 1191 (2002)
Brian K. PHILLIPS
v.
PATTERSON INSURANCE COMPANY, et al.
No. 01-1545.
Court of Appeal of Louisiana, Third Circuit.
April 3, 2002.
*1192 J. Clemille Simon, Lafayette, LA, for Plaintiff/Appellant: Brian K. Phillips.
Paul D. Escott, Taulbee & Escott, L.L.C., Lafayette, LA, for Defendant/Appellee: Patterson Insurance Company.
Court composed of NED E. DOUCET, Jr., Chief Judge, ULYSSES GENE THIBODEAUX, and MICHAEL G. SULLIVAN, Judges.
DOUCET, Chief Judge.
Plaintiff, Brian K. Phillips, appeals a judgment of the district court granting Defendant's, Patterson Insurance Company's (Patterson), Motion for Summary Judgment, and dismissing Plaintiff's claims for penalties and attorney's fees. We dismiss plaintiff's appeal and suit for failure to state a cause of action.

FACTS
The facts leading up to this appeal were discussed, as follows, by this court in Phillips v. Patterson Ins. Co., 98-1849, pp. 1-2 (La.App. 3 Cir. 5/19/99); 734 So.2d 1285, 1286, writ denied, 99-1826 (La.10/8/99); 750 So.2d 970:
Plaintiffs suit arises out of an automobile accident in Iberia Parish, Louisiana on April 22, 1995. Plaintiff named the other driver, Jessie J. Henry, Jr. and his liability insurer, Patterson Insurance Company. Plaintiff filed suit on April 22, 1996 in Lafayette Parish. Defendants were served on June 4, 1996 and May 24, 1996, respectively.
In response, defendants filed a Declinatory Exception of Improper Venue. The trial court overruled the exception. On June 18, 1996, plaintiff amended his complaint to add his insurer, Safeway Insurance Company, to recover under an uninsured motorist policy. The trial court ruled that any defect concerning venue was cured by joining Safeway. Subsequently, Safeway filed for a Motion of Summary Judgment which was granted by the trial court and dismissed plaintiff's uninsured motorist claim.
Defendants filed an Answer on July 31, 1996. Defendants later filed an Exception of Prescription on August 29, *1193 1996 which was granted by the trial court. Plaintiff applied for supervisory writs. This honorable court granted the writ and reversed the trial court's granting of the Exception of Prescription. Defendants then filed an emergency application for supervisory relief with the Louisiana Supreme Court. The Supreme Court reinstated the trial court's Exception of Prescription and remanded the case to the trial court for further proceedings. Plaintiffs motion for rehearing was denied.
As Plaintiff's UM carrier, Safeway Insurance Company, has been dismissed from this suit and plays no part in this appeal, we will omit, to the extent practicable, reference to Safeway's participation in this matter.
In Phillips this court explained:
We are presented with a procedural quagmire. We must first determine if this appeal is appropriate as to the exception of prescription. As a corollary, if this appeal is not proper, the question arises whether plaintiff had an opportunity to lodge an appeal on the exception of prescription issue.
A judgment maintaining an exception of prescription and dismissing a cause of action is final. A final judgment is an appealable judgment. Even if only a portion of a case was dismissed by that exception, the judgment sustaining the exception of prescription is still a "final appealable judgment." Walle Corp. v. Hibernia Nat. Bank, 96-803 (La.App. 5 Cir. 3/25/97); 692 So.2d 1238. The appropriate procedural device would be to timely file a motion for devolutive appeal. However, a filing erroneously entitled application for supervisory writs should be treated as a timely motion for devolutive appeal. In re Howard, 541 So.2d 195 (La.1989); La.Code Civ. P. art. 1841, 2083, 2087. Plaintiff sought supervisory writs from this honorable court and the trial court judgment was reversed. Plaintiffs application for supervisory writs should be treated as an appeal.
On defendant's emergency application to the Louisiana Supreme Court, the Supreme Court reversed and reinstated the trial court judgment. The Supreme Court reviewed the trial court's overruling of defendant's exception of venue and maintained the exception of prescription based on improper venue. Plaintiff argues that defendant waived any objection and review of venue by failing to seek supervisory writs. "[R]eview of a prescription issue requires a full review of the record which includes all pretrial proceedings." Smith v. Cliff's Drilling Co., 562 So.2d 1030 (La. App. 3 Cir.1990). Therefore, since an appellate court does not have authority to review a decision of the Supreme Court, the exception of prescription is reinstated.
Id. pp. 2-3; 734 So.2d at 1286-87.
At that point, all of Plaintiffs claims against Jessie J. Henry, Jr., Patterson's insured had fallen. Plaintiff no longer had a viable claim against Mr. Henry or against Patterson for Mr. Henry's alleged negligence. However, Plaintiff, sought to pursue claims against Patterson under the following provisions of the Insurance Code: La.R.S. 22:658 (Payment and adjustment of claims, policies other than life and health and accident; personal vehicle damage claims; penalties; arson-related claims suspension), 1220 (Good faith duty; claims settlement practices; cause of action; penalties), and 1241, et seq., (Insurance Fraud). Additionally, Plaintiff sought relief under La.R.S. 51:1401, et seq., (Unfair Trade Practices and Consumer Protection Law).

*1194 LAW AND DISCUSSION
In brief, Plaintiff argues "The only issue presented to the court for resolution was whether or not causes of action existed in favor of plaintiff, a third party claimant, pursuant to R.S. 22:1220, R.S. 22:658, R.S. 22:1241, et seq. and R.S. 51:1401, et seq."
As to Plaintiff's claims under the provisions of the Louisiana Insurance Code, we agree with Plaintiff that Theriot v. Midland Risk Ins. Co., 95-2895 (La.5/20/97); 694 So.2d 184, does establish a remedy in favor of third parties in certain situations: "We have no trouble concluding that the legislature intended to provide a right of action directly in favor of third-party claimants in certain situations when it enacted La. R.S. 22:1220." Id. at 6; 694 So.2d at 188. The court went on to explain:
While the legislative history of the act may not provide a definitive answer to all questions of interpretation arising thereunder, it clearly indicates that La. R.S. 22:1220, B evolved from what was intended at its inception to be an exclusive and not an illustrative list. Having separated § 1220 from its original cross-reference to the proposed limited version of § 1214(14), it was natural and structurally appropriate for the legislature to introduce the newly created private cause of action with a statement of policy and introductory language in Subsection A. Had the legislature intended to create new independent broad duties in Subsection A and to give only an illustrative list of breaches in Subsection B, it could easily have cross-referenced the much longer list of practices retained in La. R.S. 22:1214(14), thereby providing many more illustrations of undesirable conduct. Indeed, one of the practices described in La. R.S. 22:1214 which the Commissioner is given the power to police is "not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear." La. R.S. 22:1214(14)(f). This is precisely the claim plaintiff makes in this case. But the legislature did not adopt or cross-reference that practice or the entire list of unfair settlement practices contained in La. R.S. 22:1214(14) when it created a private cause of action. Rather, it listed a smaller number of acts deemed appropriate for private enforcement. It is particularly significant that original Senate Bill 320, from which the list of practices in Subsection B evolved, did not list the failure to attempt settlement with third-party claimants as an omission which would support a private cause of action under the statute. Our study of the available minutes from committee hearings likewise persuades us that the legislators considering the act viewed the conduct listed in La. R.S. 22:1220, B as exclusive and not illustrative.
Finally, we note that the interpretation of La. R.S. 22:1220 advanced by the plaintiff would constitute a radical departure from accepted principles of insurance law. While this court has never defined the precise basis of the duties owed by an insurer to its insured, we have held that they are fiduciary in nature and include the duty to discharge policy obligations to the insured in good faith, to defend the insured against covered claims and to consider the interests of the insured as paramount in every settlement. Pareti v. Sentry Indemnity Co., 536 So.2d 417, 423 (La.1988). It is generally agreed that an insurer's duties run primarily in favor of its insured as an outgrowth of duties that have their foundation in the contract between the parties. It is the relationship of the parties that gives rise to the implied *1195 covenant of good faith and fair dealing. The relationship between the insurer and third-party claimant is neither fiduciary nor contractual; it is fundamentally adversarial. For that reason, a cause of action directly in favor of a third-party claimant against a tort-feasor's insurer is not generally recognized absent statutory creation. 15A G. Couch, Couch on Insurance 2d § 58.6 (Rev. ed. 1983); 14 G. Couch, Couch on Insurance 2d § 51.136 (Rev. ed. 1982); 45 C.J.S. Insurance § 376; 46A C.J.S. Insurance § 1583.
There is no question that La. R.S. 22:1220, B(1)-(5) and La. R.S. 22:658 do statutorily create certain limited causes of action in favor of third-party claimants that derogate from established rules of insurance law. However, the expression of legislative intent in those instances is express and unambiguous. In the absence of an equally clear expression of legislative will, we are unwilling to adopt a more expansive interpretation of La. R.S. 22:1220 that would drastically affect the traditionally accepted relationships among insureds, insurers and claimants by imposing on insurers a broad, undefined duty to attempt settlement with third parties.
Id. at pp. 14-16; 694 So.2d at 192-93 (footnotes omitted).
However, our review of the law does not end with Theriot. In Tatum v. Colonial Lloyds Ins. Co., 97-38, p. 3 (La.App. 3 Cir. 10/29/97); 702 So.2d 1076, 1077, writ denied, 97-2968 (La.2/6/98); 709 So.2d 740, this court recognized that "La.R.S. 22:1220 provides remedies for an insurer's failure to deal in good faith." Be that as it may, the rights and remedies of third parties provided for in the Insurance Code and explained in Theriot are clearly limited.
In Clausen v. Fidelity and Deposit Co. of Maryland, 95-0504 (La.App. 1 Cir. 8/4/95); 660 So.2d 83, writ denied, 95-2489 (La.1/12/96); 666 So.2d 320, the first circuit found that a La.R.S. 22:1220 action cannot stand alone, but is in fact dependant on an underlying cause of action. In that case, the court found that the underlying cause of action had prescribed and, therefore, the plaintiff could not maintain an La.R.S. art. 22:1220 action. The court stated:
Regarding recovery under La.R.S. 22:658 and 22:1220, we conclude that a plaintiff attempting to base her theory of recovery against an insurer on these statutes must first have a valid, underlying, substantive claim upon which insurance coverage is based. The penalties authorized by these statutes do not stand alone; they do not provide a cause of action against an insurer absent a valid, underlying, insurance claim. This conclusion reflects the general principle that statutes allowing for the imposition of penalties must be strictly construed. Id. at p. 3-4; 660 So.2d at 85-86 (footnote and citations omitted).
Tatum, 97-38 at pp. 3-4; 702 So.2d at 1077.
The situation in this case is the same as in the Clausen n case: Plaintiff's underlying claim against Jessie J. Henry, Jr., had been dismissed via an exception of prescription. Inasmuch as there remains no viable underlying claim, Plaintiff has no cause of action against Patterson under the Insurance Code.
As to Plaintiffs claims under La.R.S. 51:1401, et seq., (Unfair Trade Practices and Consumer Protection Law), La.R.S. 51:1406 provides in pertinent part:
The provisions of this Chapter shall not apply to:

(1)Actions or transactions subject to the jurisdiction of the Louisiana Public Service Commission or other public utility *1196 regulatory body, the commissioner of financial institutions, the insurance commissioner, the financial institutions and insurance regulators of other states, or federal banking regulators who possess authority to regulate unfair or deceptive trade practices.
In Alarcon v. Aetna Cas. and Sur. Co., 538 So.2d 696, 699-700 (La.App. 5th Cir. 1989), our brethren of the fifth circuit, with whom we agree, observed the following regarding claims under the Unfair Trade Practices And Consumer Protection Law:
The law is set out in LSA R.S. 51:1401-1418 and provides at Sec. 51:1405(A) that, "unfair methods of competition or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." However, the definition of unfair or deceptive acts has been left to the courts, which have adopted the statement in Moore v. Goodyear Tire and Rubber Co., 364 So.2d 630 (La.App. 2d Cir.1978), to the effect that a practice is unfair when it offends established public policy and when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers. R.S. 51:1409 provides for private action by a person suffering loss of money or movable property because of another's use of an unfair or deceptive practice.
R.S. 51:1406(1) provides that the statute shall not apply to actions or transactions subject to the jurisdiction of certain state regulatory bodies or commissioners, including the insurance commissioner. The appellant would have us follow the holding in Lamarque v. Massachusetts Indem. & Life Ins. Co., 794 F.2d 197 (5th Cir.1986). On an issue regarding unreasonable delay in processing an insurance application, the court held, in effect, that the insurance commissioner did not have exclusive jurisdiction over unfair trade practices in the insurance industry. As of the time the case before us was submitted, we had discovered no Supreme Court opinion dealing with this jurisdictional issue. We note that in a recent decision, West v. Fireman's Fund Insurance Company, 683 F.Supp. 156 (M.D.La.1988), a federal court chose to follow Comeaux v. Pa. General Ins. Co., 490 So.2d 1191 (La.App. 3rd Cir.1986) rather than Lamarque. Both the West case and Comeaux were concerned with failure to settle a claim for damages from automobile accidents. Comeaux held that the action clearly fell within the jurisdiction of the insurance commissioner and was exempt from the Unfair Trade Practices And Consumer Protection Law. The West court explained that it was aware of the holding to the contrary in the federal Fifth Circuit case of Lamarque v. Massachusetts Indem. & Life Ins. Co., supra, but believed that, "the decision rendered by the Louisiana state court [in Comeaux v. Pa. General Ins. Co., supra] is not only binding on this court, but is also correct."
We agree with the trial judge's finding that the plaintiffs cannot maintain an action under the Unfair Trade Practices And Consumer Protection Law, because of the statutory exclusion, and hold that the exception of no cause of action was properly maintained.
La.Code Civ.P. art. 927 (emphasis ours) provides as follows:
A. The objections which may be raised through the peremptory exception include but are not limited to the following:
(1) Prescription.
(2) Res judicata.
(3) Nonjoinder of a party under Articles 641 and 642.

*1197 (4) No cause of action.
(5) No right of action, or no interest in the plaintiff to institute the suit.
B. The court cannot supply the objections of prescription and res judicata, which must be specially pleaded. The nonjoinder of a party, or the failure to disclose a cause of action or a right or interest in the plaintiff to institute the suit, may be noticed by either the trial or appellate court of its own motion.

Accordingly, for the reasons stated, Plaintiff's suit against Defendant, Patterson Insurance Company, is dismissed, with prejudice, for failure to state a cause of action. All costs of this appeal are assessed against Plaintiff Appellant, Brian K. Phillips.
APPEAL AND SUIT DISMISSED.