GUIDRY, J.
l2We granted certiorari in this matter to determine whether La. R.S. 22:1892(D)(1) provides a right of action for body shops to seek a fine or injunctive relief from insurers. For the reasons set forth below, we find that it does not.
The plaintiff, Medine’s Collision Center, LLC, is a body shop that, inter alia, repairs automobiles covered by insurance policies that have been involved in motor vehicle accidents. According to Medine’s, a substantial portion of its revenue and income derives from insurance payments.
In August 2015, Medine’s filed suit against Progressive Direct Insurance Company and Progressive Security Insurance Company, alleging that the two insurers were acting in concert with one another to steer customers away from Medine’s business. Specifically, Medine’s alleged:
4.
Defendants have sent letters to several customers for whom plaintiff was currently doing work and that had made insurance claims with the defendants stating that plaintiff might make charges for items the defendants would not pay and such charges would therefore be the responsibility of the customer. The letters further insinuated that plaintiff would charge rates in excess of what is normal and customary and that the customer would be responsible for paying the excess rate amounts as well.
*40 5.
Upon information and belief, the letters in question were intended to, and had effect of, steering customers away from Plaintiff and steering them to other repair shops in Defendants’ network.
6.
Defendants, through them agents, employees, and/or adjusters, directly contacted one of Plaintiffs current customers and told the customer that it was discontinuing payment for the customer’s rental vehicle while, he was having Plaintiff perform the repairs, but that the rental payments would be reinstated if the customer brought his vehicle to a repair shop in the Defendants’ network.

J£- .

Defendants, through their agents, employees and/or adjusters directly contacted one of Plaintiffs customers and told the customer that Plaintiff would not be able to repair his vehicle.
8.
Defendants, through their agents, employees and/or adjusters directly contacted one of Plaintiffs customers and told the customer that Plaintiff would perform unnecessary work on her vehicle and that Plaintiff would charge excessive rates and that the customer would be responsible for payment of those amounts.
9.
Upon information and belief, these direct contacts were intended to, and had the effect of, steering customers away from Plaintiff and steering them toward other repair shops in Defendants’ network.
10.
Defendants’ above described conduct is a violation of LA RS 22:1892(D)(1), which prohibits an insurer from requiring that repairs be performed at a particular shop, known as the anti-steering statute.
11.
Defendants are liable for a fine of up to $500.00 for each violation of the “Anti-Steering” statute.
12.
The conduct of Defendants has caused and/or threatens to cause immediate and irreparable harm to Plaintiff by steering Plaintiffs customers to other providers and thereby depriving Plaintiff of the opportunity to earn a living.
Í3.
The conduct of Defendants has caused damage to Plaintiffs business reputation and, upon information and belief, has caused Plaintiff to lose customers, resulting in a loss of business income.
Medine’s specifically pled the application of La. R.S. 22:1892, an insurance penalty statute that contains the following anti-steering provision:
D. (1) When making a payment incident to a claim, no insurer shall require that as a condition to such payment, repairs be made to a motor vehicle, including window glass repairs or replacement, in a particular place or shop or by a particular entity. Any insurer Lviolating the provisions of this Subsec- ' tion shall be fined not more than five hundred dollars for each offense.
Pursuant to La. R.S. 22:1892(D)(1), Med-ine’s requested injunctive relief, the imposition of a fine on the insurers, and damages.
Defendants responded to the petition by filing two exceptions. Defendants first raised the peremptory exception asserting the objection of no right of action, claiming Medine’s had no right of action under La. R.S. 22:1892(D)(1) because it was neither an insured nor a third-party claimant asserting a claim under an insurance policy. *41 Defendants alternatively raised the dilatory exception raising the objections of vagueness and ambiguity, claiming .that the petition failed to provide the specificity and detail necessary to put the defendants on notice of Medine’s claim against them.
When the matter came on for hearing, the trial court denied the defendants’ exception raising the objection of no right of action and granted the defendants’ exception raising the objections of vagueness and ambiguity. The ruling was memorialized in a judgment .signed November 9, 2015. From this judgment, the defendants filed an application for supervisory writs, requesting review of the judgment to the extent that the trial court denied the defendants’ peremptory exception raising the objection of no right of action. Thereupon, this Court issued a writ of certiorari to decide the res nova question of whether Medine’s — a body shop — possesses the right to pursue a cause of action pursuant to La. R.S. 22:1892(D)(1). Defendants contend that La. R.S. 22:1892(D)(1) can only be interpreted as establishing rights for insureds and third-party claimants with claims brought under an insurance policy — not for third-party body shops — when the statute, is read as a whole, jurisprudence interpreting the statute is taken into account, and the legislative history of the anti-steering provision is considered. We agree.
|fi The Text of La. R.S. 22:1892
We begin by-noting that the text of a law is the best evidence of legislative intent. La. R.S. 24:177(B)(1). Where part of an act .is to be interpreted, it should be read in connection with the rest of the act and all other related laws on the same subject. Theriot v. Midland Risk Insurance Company, 95-2895, p. 3 (La.5/20/97), 694 So.2d 184, 186 (on rehearing).
Although Subsection D of La. R.S, 22:1892 does not specify to whom the cause of action belongs, a full reading of the statute shows that the right of action for “steering” is exclusive to insureds or third-party claimants who claim their insurer, or the insurer of a tortfeasor, steered them to a particular body shop. After all, Subsection A of La. R.S. 22:1892 addresses the insurer’s deadlines with respect to certain actions it must take when adjusting insurance claims of first-party insureds and third-party claimants. Subsection B addresses the penalties that may be assessed against an insurer that fails to comply with the duties it owes to first-plarty insureds and third-party claimants under Subsection A; it also establishes additional duties the insurer owes to third-party claimants. Subsection C sets forth the manner in which the claims of first-party insureds and third-party claimants must be paid. Each of these sections governs the relations between insurers, insureds, and third-party claimants regarding claims brought under insurance policies.
Subsection D, under which Medine’s asserts the underlying action, provides that an insurer cannot condition the payment of a claim upon the requirement that the repairs be made at a particular place or shop or by a particular entity. Logic suggests that Subsection D would likewise govern the insurer’s relations with its insureds or third-party claimants bringing claims under an insurance policy. This conclusion is further supported by the fact that La. R.S. 22:1892 is contained within Part III of Chapter 6 of the Insurance Code, which governs “Property and | (¡Casualty Insurance Claims Payments.” In this case, Medine’s has not presented a claim under any insurance policy; it is a third-party with no contractual relationship to the defendants.

Jurisprudence Interpreting La. R.S. 22:1892

There does not appear to be any reported jurisprudence that has heretofore inter *42 preted the anti-steering provision set forth in La. R.S. 22:1892(D). However, jurisprudence from the Louisiana Supreme Court and our own Court has clearly established how this arid other insurance penalty statutes should be interpreted. See Theriot, 95-2895 at pp. 3-4, 694 So.2d at 186-87; Schexnaildre v. State Farm Mutual Automobile Insurance Company, 15-0272, p. 7 (La.App. 1st Cir.11/9/15), 184 So.3d 108, 112.
Section 1892 is penal in nature and, therefore, must be strictly construed. Strict construction requires that every doubt must be resolved against the imposition of a penalty. Schexnaildre, 15-0272 at p. 7, 184 So.3d at 112. Additionally, recovery under Section 1892 requires a plaintiff to first have a valid, underlying, substantive claim upon which insurance coverage is based; the statute does not provide a cause of action against an insurer absent a valid, underlying, insurance claim. Clausen v. Fidelity and Deposit Company of Maryland, 95-0504, p. 3 (La.App. 1st Cir.8/4/95), 660 So.2d 83, 85, writ denied, 95-2489 (La.1/12/96), 666 So.2d 320.[1]
Hence, the jurisprudence establishes that Subsection D of La. R.S. 22:1892 must be strictly construed against the imposition of a penalty and suggests that a plaintiff asserting a right thereunder must possess its own insurance claim against an insurer in order to present a cause of action thereunder. Therefore, the | jurisprudence suggests that Medine’s lacks a right of action under Subsection D of La. R.S. 22:1892.

Legislative History of the Anti-Steering Provision

Finally, the legislative history supports the conclusion that Subsection D of La. R.S. 22:1892 was not intended to create a right in ■ favor of anyone other than an insurance claimant. The anti-steering provision first appeared in 1991, as La. R.S. 51:451 (added by 1991 La. Acts, No. 1046, § 1). Shortly thereafter, in the same year, the law was redesignated as La. R.S. 51:452, pursuant to the statutory revision authority of the Louisiana State Law Institute. The law at that time regulated conduct by glass repair shops and insurers, providing:
A. No person selling or engaged in the sale of replacement glass shall advertise, promise to provide, or offer any coupon, credit, or rebate to pay all or part of an insurance deductible under a property or casualty insurance policy.
B. No insurer providing collision or comprehensive coverage shall require that repairs be made to a motor vehicle, including window glass repairs or replacement, in a particular place or shop or by a particular entity.
C. Whoever violates this Section shall be fined not more than five hundred dollars for each offense and each offense shall constitute a separate violation.
Shortly after La. R.S. 51:451 was enacted, the Attorney General received a request from Senator Armand J. Brinkhaus to issue an advisory opinion interpreting the anti-steering provision of La. R.S. 51:451. See Senator Armand J. Brink-haus, La. Atty. Gen. Op. No. 91-552 (1992). The Attorney General’s opinion found that the provision had the effect of establishing that the “insured or owner of the vehicle has a protected right to have the work done by a ‘shop’ of his choice.” In other words, the Attorney General found that the statute established a right on the part *43 of insureds; it did not find any intent to create a right of action in favor of the body shop. In short, the legislative history reveals an absence of any evidence suggesting that the anti-steering provision was ever intended to create a right in|sfavor of claimants like Medine’s. The plain reading of La. R.S. 22:1892, jurisprudence, and the legislative history of the anti-steering provision of La. R.S. 22:1892, taken together, convince us that Subsection D of La. R.S. 22:1892 fails to create a right of action in favor of Medine’s, a body shop possessing no contractual relationship with the defendants.

Other Causes of Action

Finally, Medine’s contends that this Court should overrule the peremptory exception raising the objection of no right of action because it has asserted other causes of action not premised on La. R.S. 22:1892(D)(1). While the assertion of those other causes of action may preclude the dismissal of Medine’s lawsuit,[2] we disagree that its alternative claims preclude our finding that it lacks a right to invoke the penalty provided in La. R.S. 22:1892(D)(1). Based on the foregoing, we find that Medine’s lacks the right to recover a fine or seek injunctive relief pursuant to La. R.S. 22:1892(D)(1).
DECREE
For the reasons set forth above, the writ of certiorari previously issued by this Court in this cause is hereby made peremptory, and that portion of the trial court’s November 9, 2015 judgment, overruling the defendants’ peremptory exception raising the objection of no right of action as to Medine’s right to invoke the penalty provided in La. R.S. 22:1892(D)(1), is hereby reversed. We render judgment herein to sustain Progressive Direct Insurance Company and Progressive Security Insurance Company’s exception raising the objection of no right of action, holding that Medine’s has no right to assert a cause of action pursuant to La. R.S. 22:1892(D)(1), and accordingly, we dismiss Medine’s claims premised on that | ¡¡statute.[3] Costs arising from review of this matter are assessed to the respondent, Medine’s Collision Center, LLC.
WRIT OF CERTIORARI GRANTED. NOVEMBER 9, 2015 JUDGMENT REVERSED IN PART; JUDGMENT RENDERED SUSTAINING PEREMPTORY EXCEPTION RAISING THE OBJECTION OF NO RIGHT OF ACTION AND DISMISSING THOSE CLAIMS ASSERTED PURSUANT TO LA. R.S. 22:1892(D)(1).

. The Court in Clausen interpreted La. R.S. 22:658, which was the predecessor statute to La. R.S. 22:1892. Section 658 was renumbered and redesignated as Section 1892 by 2008 La. Acts, No. 415, § 1, effective January 1, 2009.

. We note that Medine’s filed a supplemental and amending petition on October 9, 2015, before the defendants filed their notice of intent to apply for supervisory writs to this Court. In that amended pleading, Medine’s asserts, among other allegations, that the defendants’ actions have defamed and damaged its business reputation and that the defendants intentionally interfered with Medine's contractual relationships with its customers.

. Based on our findings and holding herein, we do not see how the ground for the objection of no right of action can be removed, and thus, we decline to offer Medine’s an opportunity to amend its petition regarding its claims based on La. R.S. 22:1892(D)(1) pursuant to La. C.C.P. art. 934. See Smith v. State Farm Insurance Companies, 03-1580, p. 6 (La.App. 4th Cir.3/3/04), 869 So.2d 909, 913.